## APPEAL OF FIRST NATIONAL BANK OF ST. LOUIS.

Docket No. 2927.    Submitted October 5, 1925.    Decided February 17, 1926.

Attorney's fees and sums paid for services in transferring assets in connection with the merger of several banks *held* not to be deductible as ordinary and necessary expenses.

*Rhodes E. Cave, Esq.*, for the taxpayer.
*A. H. Fast, Esq.*, for the Commissioner.

Before STERNHAGEN, LANSDON, and ARUNDELL.

This is an appeal from the determination of a deficiency in income taxes for the period from July 7, 1919, to December 31, 1919, inclusive, in the amount of $7,280.56. In its petition the taxpayer charges error on the part of the Commissioner in disallowing, as deductible expenses, $23,191.76 alleged to have been paid for adding machines, $16,100 alleged to have been paid for a lease of certain property, and $30,000 said to have been paid in connection with the merging of several banks with the taxpayer. At the hearing of the appeal counsel for the taxpayer stated that he was satisfied with the Commissioner's adjustment of items 1 and 2 and desired the Board simply to pass on the third question.

The taxpayer is a national bank, located in St. Louis, Mo. It originated by the consolidation in 1919 of the old Third National Bank, the Mechanics American National Bank, and the St. Louis Union National Bank. Incident to the consolidation of the aforementioned banks, the sum of $30,000 was spent by the taxpayer and charged on its books to expense. This amount was thereafter deducted in its income-tax returns for the period under consideration. Of this amount $16,500 represented attorney's fees and $13,500 represented sums paid to employees on account of overtime work required in transferring the assets of the three banks to the one.

DECISION.

The determination of the Commissioner is approved.

OPINION.

ARUNDELL: Section 234 (a) (1) of the Revenue Act of 1918 provides that in computing net income there shall be allowed as deductions all of the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. It is desired here to deduct, under this provision, the amounts expended in connection with the consolidation of the several banks mentioned in the findings of fact. Generally speaking, items to be deductible under this subdivision of the section must be those ordinary and usual expenditures incurred in the conduct of a going business. The fact that they may be unusual in amount or seldom recur can not deprive them of their inherent character as expense items. On the other hand, amounts expended for assets that are to continue in use in the business over several years are usually to be classified as capital items, and the sum paid therefor is recovered over the life of the asset, if it be of an exhaustible character. The transaction which called forth the expenditures here in question was presumably one which resulted in increasing and maintaining the earning power of the taxpayer, and thus throughout its corporate life the taxpayer will enjoy the fruits of these expenditures.

Some accounting authorities have urged as a matter of sound and conservative accounting that organization expenses, which are substantially similar to the items here in question, should be written off over a term of from 2 to 10 years, for the reason that such expenses, if capitalized, are represented by no salable assets. Much may be said for such a course as a sound business measure. However, as we have heretofore had occasion to remark, the income-tax

laws are not always in accord with accounting practice. *Appeal of Consolidated Asphalt Co.*, 1 B. T. A. 79. We can not escape the conclusion that the expenses in question are not those ordinary and necessary expenses permitted by the statute to be deducted. *Appeal of F. Tinker & Sons Co.*, 1 B. T. A. 799. It must follow that the determination of the Commissioner is approved.